United States District Court
Middle District of Florida
Jacksonville Division

**ROOSEVELT CHARLES BOOTH,**

***Plaintiff*,**

**v.** **Case No. 3:26-cv-493-WWB-PDB**

**OFFICER PENNIMAN ET AL.,**

***Defendants*.**

---

## Order

The plaintiff, proceeding without prepayment of costs and without a lawyer, sues three correctional officers for monetary relief. Doc. 5.

A court must construe a pleading drafted by a litigant without a lawyer liberally and apply a less stringent standard than to one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not excuse noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The claims must be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A court "shall" dismiss an action by a plaintiff proceeding without prepaying costs if the court determines that the action is frivolous or the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To survive dismissal, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.* Instead, a complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoted authority omitted). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the alleged facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted). Stated another way, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

The plaintiff's amended complaint fails to comply with the rules, and only the claim under 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment to the United States Constitution may be plausible.

Rule 33-208.002 states the rules of conduct for Florida Department of Corrections employees. A violation of Rule 33-208.002 cannot serve as the basis for a § 1983 claim for damages or a state law claim for damages.

Rule 33-602.210 states the "Use of Force" policy for the Florida Department of Corrections. A violation of Rule 33-602.210 cannot serve as the basis for a § 1983 claim for damages or a state law claim for damages.

The Eighth Amendment, not the Fourth Amendment, provides the basis for a § 1983 claim of excessive force and deliberate indifference brought by a convicted prisoner. *See Graham v. Conner*, 490 U.S. 386, 394 (1989) (explaining that a claim of excessive force in the context of an arrest or investigatory stop falls under the Fourth Amendment, whereas a claim of excessive force in the context of subduing a convicted prisoner falls under the Eighth Amendment).

The Fifth Amendment is inapplicable to a claim that a state prison official violated a state prisoner's constitutional rights. *See Buxton v. City of Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) (explaining that the Fifth Amendment applies only to the federal government, not to the state governments).

The Sixth Amendment applies only in a criminal case. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases.").

A prisoner asserting an excessive force claim under the Eighth Amendment must establish "two elements—one subjective and one objective…." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265-66 (11th Cir. 2020) (internal quotations omitted) (*quoting Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). "[T]he official must have both acted with a sufficiently culpable state of mind (the subjective element), and the conduct must have been objectively harmful enough to establish a constitutional violation." *Id.* A claim satisfies the subjective element if the excessive force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.* The objective component

"focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (cleaned up).

A prisoner asserting a denial of medical care under the Eighth Amendment must likewise satisfy the objective and subjective elements. *Wade v. McDade*, 106 F.4th 1251, 1255-58 (11th Cir. 2024). For the subjective element, a plaintiff must allege that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Gantt v. Everett*, 162 F.4th 1107, 1111 (11th Cir. 2025). For the objective element, the plaintiff must show an objectively serious medical need such that it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention – that, if left unattended, poses a substantial risk of serious harm." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up).

A Fourteenth Amendment due process claim requires the plaintiff to show the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1035 (11th Cir. 2022). A Fourteenth Amendment equal protection claim requires a plaintiff to show that he is similarly situated to someone who received more favorable treatment and that the discriminatory treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Merely alleging that a defendant failed to report an incident as required by prison regulations does not suffice. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (recognizing that prison regulations are "not designed to confer rights on inmates").

If the plaintiff wants to proceed, he must file a second amended complaint that complies with the rules, the law, and these directives:

(1) The plaintiff must use the civil rights complaint form for the second amended complaint.

(2) The plaintiff must adhere as closely as possible to the instructions and prompts on the form.

(3) The plaintiff may attach additional pages to the form **only if necessary** and must not repeat information already on the form.

(4) The plaintiff must title the form "Second Amended Complaint."

(5) In the second amended complaint, the plaintiff must state the full name of each defendant (to the extent the plaintiff knows the full name) in both the case caption and the listing of "Parties to This Complaint" in § I.B. The plaintiff must ensure that the caption matches the list of parties.

(6) In the second amended complaint or a separate paper, the plaintiff must state a current address for each defendant, if known.

(7) In the second amended complaint, each factual allegation must be simple, concise, and direct.

(8) In the second amended complaint, the plaintiff must use numbered paragraphs, each limited as far as practicable to a single set of circumstances.

(9) In the second amended complaint, the plaintiff must exclude frivolous claims, paying close attention to the substantive law described in this order.

(10) In the second amended complaint, the plaintiff must allege facts about *each* defendant that make a claim against that particular defendant plausible. A legal conclusion does not

suffice. An example of a factual allegation is, "The light was red." An example of a legal conclusion is, "The defendant was negligent." Formulaic recitations of federal constitutional amendments or state administrative laws do not suffice.

(11) In the second amended complaint, the plaintiff must allege facts that connect each defendant to the alleged injury.

(12) In the second amended complaint, the plaintiff must avoid repeating facts or lumping together his claims against each defendant.

(13) The plaintiff must sign the second amended complaint after this statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(14) Before signing the second amended complaint, the plaintiff must ensure his factual allegations are true, and he has not knowingly made a false factual allegation. He must neither exaggerate nor distort any fact; instead, he must truthfully allege the facts underlying his claims. Knowingly making a false material declaration violates 18 U.S.C. § 1623 and is punishable by a fine, imprisonment, or both.

The court **directs** the clerk to send the plaintiff a civil rights complaint form (AO Pro Se 14 (Rev. 12/16)). The plaintiff must mail the completed form to the clerk by **November 30, 2026**.

**FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER MAY RESULT IN DISMISSAL OF THE ACTION.**

**Ordered** in Jacksonville, Florida, on November 2, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

CC-2

c: Roosevelt Charles Booth, #S29776